## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Isom Woods** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | NO. |
| ) | |
| **Village of Bellwood a Municipal** ) | |
| **Corporation, Bellwood Police** ) | **JURY TRIAL DEMANDED** |
| **Department, Michael Adamski** ) | |
| **(Star 329), and** ) | |
| **Officer Cameron Woods-Ortiz** ) | |
| **(Star 304)** ) | |
| ) | |
| **Defendants** ) | |

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
### UNDER 42 USC § 1983 AND OTHER PENDENT ACTIONS

NOW COMES the Plaintiff, **Isom Woods,** by and through his attorney, **Ramon A. Moore** and as his Complaint complains of the Defendants Village of Bellwood, a Municipal Corporation, Bellwood Police Department, Officer Michael Adamski (Star 329) and Officer Cameron Woods-Ortiz (Star 304)**,** as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff **Isom Woods** is an individual who is a citizen of the State of Illinois who was wrongfully searched, detained and arrested by the Defendant police officers without probable cause. The resulting charges against Plaintiff were dismissed after a Cook County Circuit Court Judge found that Plaintiff's Fourth Amendment rights were violated by Defendant police officers. This is a civil rights action for monetary damages brought under 42 U.S.C § 1983, and pendant state causes of action, against the Village of Bellwood, Bellwood Police Department, Officer Michael Adamski (Star 329) and Officer Cameron Woods-Ortiz (Star 304), for committing acts

under color of law which deprived Plaintiff Isom Woods of rights secured by the Constitution and laws of the United States. The Defendant violated, and had a policy and practice which violated, the Plaintiffs Constitutional Fourth and Fourteenth Amendment rights to be free of unlawful detention, unlawful arrest, arrest without probable cause, charged based on false allegations, and to be tried based on false testimony. Defendants accomplished the forgoing violations of the Plaintiffs rights by detaining, arresting, and prosecuting the Plaintiff based on evidence illegally seized. Defendants used excessive force while illegally arresting Plaintiff, causing bodily harm.

2. As a result of the willful and deliberate actions of the of the Defendants the Plaintiff was arrested, deprived of his freedom, was charged with a crime based on illegally seized evidence and was put at risk of conviction based on false testimony. All of this caused the Defendant to expend money to pay for his defense, to lose income from work, and to suffer a loss of his constitutional rights, as well as bodily harm, anxiety and mental anguish.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action under 28 U.S.C. § 1983 in that Defendant's conduct violated rights guaranteed to Plaintiff under the First, Eighth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. 1367(a).

4. Venue is proper under 28 U.S. C. § 1331 and 28 U.S.C. § 1367. The events giving rise to the claims asserted here all occurred within the Northern District of Illinois, Eastern Division, and all of the parties reside in this district.

**PARTIES**

5. Plaintiff Isom Woods is an individual who lives and works in the State of Illinois.

6. Defendants Officer Michael Adamski (Star 329) and Officer Cameron Woods-Ortiz (Star 304) (hereinafter "Defendant Officers") were at all times relevant hereto Village of Bellwood

Police Officers, and they were acting within the scope of their employment and under the color of law with respect to the incident complained of in this lawsuit.

7. Defendant Village of Bellwood is a Municipal Corporation that employs or employed the Defendants Adamski and Woods-Ortiz at the time of the events giving rise to this lawsuit.

.

## **FACTUAL ALLEGATIONS**

8. In the early morning of June 3, 2017, Plaintiff legally parked his vehicle in a parking lot at or near 500 Mannheim Road, Bellwood, Illinois.

9. Plaintiff's vehicle windows were rolled up and doors locked.

10. Plaintiff was reclined in his driver seat.

11. Defendant Officers approached plaintiff's vehicle to find him asleep.

12. Upon approaching plaintiff's vehicle, defendant officers were not aware of any criminal offense being violated by plaintiff.

13. Defendant officers began to bang on his windows and yell at him to open his car door.

14. At least one officer deployed his baton and threatened to break Plaintiff's car windows if he did not open his door.

15. Plaintiff unlocked his door and was forcefully pulled from his vehicle.

16. Plaintiff was tasered by at least one officer while being pulled from his vehicle.

17. Plaintiff loss control of his motor skills as a result of being tasered and fell to the ground injuring his face.

18. Plaintiff was handcuffed, arrested and processed by Defendant.

**COUNT I – 42 U.S.C. § 1983 –FALSE ARREST AND IMPRISONMENT**

19. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein

20. As described more fully above, the Defendant Officers unlawfully detained and falsely arrested Plaintiff without justification and without probable cause.

21. The misconduct described in the Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's constitutional rights.

22. The misconduct described in this Count was undertaken pursuant to the policy and practices of the Bellwood Police Department in that:

    a. As a matter of both policy and practice, the Bellwood Police Department directly encourages, and is thereby implicit in the type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. The Village of Bellwood has failed to act to remedy the patterns of abuse.

23. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the policy and practice of the Village of Bellwood as described above, Plaintiff has suffered injury, including emotional distress.

**COUNT II – 42 U.S.C § 1983 – FAILURE TO INTERVENE**

24. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

25. As described more fully above, the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above, but failed to do so.

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's constitutional rights.

27. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the policy and practice of the Village of Bellwood as described above, Plaintiff has suffered injury, including emotional distress.

### COUNT III – 42 U.S.C. § 1983- EXCESSIVE FORCE

28. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein. The actions of Defendant Bellwood Police Officers in tasering and throwing plaintiff to the ground were an excessive amount of force and an unreasonable seizure of Plaintiff's body in violation of the Fourth Amendment to the United States Constitution.

29. Defendant Bellwood Police Officers were acting under color of law at all relevant times.

30. As a result of Defendant Bellwood Police Officer's violation of Plaintiff's Fourth and Fourteenth Amendment rights, Plaintiff suffered damages, including, but not limited to, electrocution, abrasions, pain, suffering, emotional harm, and anguish.

31. Defendant Bellwood Police Officers were the direct and proximate cause of the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments and the injuries suffered by Plaintiff.

### COUNT IV – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

32. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

33. As described more fully above, one or more of the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which

–5–

Defendant Officers knew there was no probable cause, and the proceeding terminated in Plaintiff's favor with a finding that Plaintiff's constitutional rights had been violated.

34. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's constitutional rights.

35. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the policy and practice of the Village of Bellwood as described above, Plaintiff has suffered injury, including emotional distress.

## COUNT V – STATE LAW CLAIM INDEMNIFICATION

36. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

37. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

38. The Defendant Officers are or were employees of the Bellwood Police Department, and they acted within the scope of their employment in committing the misconduct described above.

## COUNT VI – STATE LAW CLAIM RESPONDEAT SUPERIOR

39. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

40. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Bellwood Police Department, a department of the Village of Bellwood, a Municipal Corporation, acting at all relevant times within the scope of their employment.

41. Defendant Village of Bellwood is liable for all torts committed by its agents.

WHEREFORE, Plaintiff, **Isom Woods**, respectfully request that this Court enter judgment in his favor and against Defendants, Village of Bellwood, Bellwood Police Officer Michael Adamski (Star # 329) and Bellwood Police Officer Cameron Woods-Ortiz (Star # 304), awarding compensatory damages and attorneys' fees, along with punitive damages against Defendants Officer Michael Adamski (Star # 329) and Officer Cameron Woods-Ortiz (Star # 304) in their individual capacities, and any other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, **Isom Woods**, hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                             RESEPECTFULLY SUBMITTED,

                                                             Plaintiff Isom Woods

**Ramon A. Moore**
Attorney for Plaintiff Ali Sullivan
8 S. Michigan Ave.
Suite 3200
Chicago, Illinois 60603
(312) 332-5134
ramonmoore@ramonmoorelaw.com

                                              By: /s/ Ramon A. Moore
                                                  Ramon A. Moore his Attorney